IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JEFFREY LAMONT WHITE, | : | CIVIL RIGHTS ACTION |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| SHERIFF MYRON FREEMAN, | : | 1:06-CV-0092-RLV |
| Defendant. | : | |

## ORDER AND OPINION

Plaintiff, Jeffrey Lamont White, presently confined at the Fulton County Jail ("Jail") in Atlanta, Georgia, seeks leave to file this civil rights action without prepayment of the filing fee, other fees or security therefor, pursuant to 28 U.S.C. § 1915. For the purpose of dismissal, Plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED**, and the matter is now before the Court for screening pursuant to 28 U.S.C. § 1915A.

I. The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably

AO 72A
(Rev.8/82)

meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id.

II.  Discussion

Plaintiff names Fulton County Sheriff Myron Freeman as the sole Defendant in this action. Plaintiff alleges the following facts: (1) Jail inmates, including Plaintiff, are denied proper cleaning supplies; (2) Jail inmates, including Plaintiff, are forced to live in cells with no running water for the toilet or sinks; (3) Jail inmates are forced to urinate on the floors of the common areas; (4) these common areas receive no attention for several hours; and (5) inmates are forced "to give other [inmates] showers" and to clean the cells in order to gain relief from

AO 72A
(Rev.8/82)

the bad smell. Plaintiff asks this Court to hold the Fulton County Sheriff's Department and Jail administration accountable.

At the outset, this Court notes that Plaintiff's claim against Sheriff Freeman is premised upon a theory of respondeat superior. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1261, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff makes no allegations in the instant complaint that Sheriff Freeman personally participated in the alleged unconstitutional conduct. Further, Plaintiff alleges no causal connection between the actions of Sheriff Freeman and any alleged constitutional deprivation. Accordingly, Plaintiff Sheriff Freeman must be dismissed from this action.[1]

---

[1] Plaintiff may state a § 1983 claim against government employees in their official capacity by alleging that there is an ordinance, policy, custom or practice that is the "moving force" behind the alleged deprivation of rights. Kentucky v.

3

Moreover, even assuming Plaintiff can identify other defendants, he has failed to state a claim for relief regarding his conditions-of-confinement claim. While the Constitution does not mandate that prisons be comfortable, neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Prisoners must be provided with the basic necessities of life, i.e., food, clothing, shelter, sanitation, medical care, and personal safety. DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 199-200 (1989). A prison official violates this standard when two conditions are met. First, the alleged deprivation must, viewed objectively, be considered sufficiently serious. Farmer, 511 U.S. at 834. Second, the prison official must possess a sufficiently culpable state of mind. Id. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 302 (1991) (general conditions of confinement).

In the instant complaint, Plaintiff cites several concerns over the unsanitary conditions present at the Jail and in each cell. Plaintiff, however, alleges no facts indicating that any Jail official knew about these alleged unsanitary conditions and

---

Graham, 473 U.S. 159 (1985). In this case, however, Plaintiff has made no allegation of an ordinance, policy, custom, or practice that is the moving force behind his claims.

4

then acted with deliberate indifference to a risk of harm to Plaintiff. Further, Plaintiff has not alleged that he has suffered any injury, or will likely be injured, as a result of these prison conditions. See O'Shea v. Littleton, 414 U.S. 488, 494 (1974). Accordingly, Plaintiff has failed to assert an actionable conditions-of-confinement claim with regard to the alleged unsanitary prison conditions.

III.   Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that the instant action is **DISMISSED** pursuant to 28 U.S.C. § 1915A because Plaintiff has failed to state a claim upon which relief can be granted.

**IT IS SO ORDERED**, this 2nd day of FEB., 2006.

_____
ROBERT L. VINING, JR.
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)